# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEVEN W. BELL,

    Petitioner,

v.                                           CIVIL ACTION NO. 2:11cv100
                                             (Judge Bailey)

WARDEN TERRY O'BRIEN,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 30, 2011, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, and on December 7, 2011, he filed it on the court-approved form. On December 16, 2011 he paid the $5.00 filing fee. The case is before the undersigned for initial review.

### II. FACTS

At the time this petition was filed, the petitioner was confined in USP Hazelton[1] which is located in Bruceton Mills, West Virginia. The petitioner's incarceration stemmed from a conviction in the United States District Court for the Eastern District of North Carolina for bank robbery and aiding and abetting. On October 31, 2011, he was sentenced to 151 months imprisonment and five years supervised release. The petitioner maintains that he was illegally imprisoned because he "was charged by an offense created by an unconstitutional law, such a law, is not merely erroneous, but is in fact illegal and void to me and cannot be legal cause of imprisonment at this day and time continuation to held me illegal." (Doc. 5, p. 7). The substance of the petitioner's claim is that Public

---

[1]On January 4, 2012, the petitioner sent a Notice of Change of Address indicating that as of January 20, 2012, his address would be in Fayetteville, North Carolina. A check of the BOP website indicates that the petitioner was released on January 20, 2012.

Law 80-772[2] was never passed or signed in the presence of a quorum or majority of both houses of Congress as required by Article 1, Section 5, clause 1 of the Constitution. Additionally, the petitioner claims that the Bureau of Prisons does not have the authority to incarcerate him based on a memo from Harley G. Lappin, Director of the BOP, that indicates that he "contacted the Office of Legal Counsel, the National Archives and the Clerk of the House of representatives to learn that there is no record of any quorum present during the May 12, 1947 vote of the H.R. 3190 Bill in the House . . ., and the record is not clear as to whether there was a Senate vote on the H.R. 3190 Bill during any session of the 80th Congress." (Doc. 5-2, p.1). For relief, the plaintiff asks the Court to immediately release him from prison and expunge his conviction and supervised release.[3]

### III. ANALYSIS

A motion filed under §2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 338, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.

---

[2]Public Law 80-772 is the provision that enacted 18 U.S.C. § 3231 establishing jurisdiction of the federal courts.

[3]Although the prisoner has been released from the custody of the BOP, his additional requests for relief are not mooted by said release.

2

2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001). Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[4]

---

[4]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

Id. at 333-34.

Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, the crime for which the petitioner was convicted remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones.  Therefore, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and his amended petition is an improperly filed §2241 petition.

Moreover, notwithstanding the petitioner's failure to meet the "savings clause," the undersigned finds that petitioner's claim that Public Law 80-772 is invalid because it was never voted into law by both Houses is without merit.  In fact, every court to have addressed this claim has found the same to be invalid on one of the three following basis: (1) the 1948 amendment to 18 U.S.C. § 32321 was properly enacted; (2) even if the 1948 amendment to § 3231 is defective, the predecessor statute to § 3231 provides for jurisdiction; and (3) the ""enrolled-bill rule" forbids challenge to the validity of 18 U.S.C. § 3231.  See Turner v. United States of America, Nos. 09-00180-WS-C, 11-0327-WS-C, 2011 WL 5595939 (S.D. Ala. September 8, 2011) (compiling cases). Therefore, the petitioner has not presented any claims upon which § 2241 relief can be granted.

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's § 2241 petition (Doc. 1) be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District

Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

      The Clerk of the Court is directed to mail a copy of  of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.  The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

      **DATED**: January 25, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE