IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

STEPHEN W. BELL,

    Petitioner,

v.                                  CIVIL ACTION NO. 2:11-CV-100
                                        (BAILEY)

TERRY O'BRIEN,
Warden USP Hazelton,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation [Doc. 9] of United States Magistrate Judge David J. Joel. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Upon his initial review, Magistrate Judge Joel filed his R&R on January 25, 2012. In that filing, the magistrate judge recommends that this Court deny the petitioner's § 2241 petition as a § 2255 motion improperly filed pursuant to § 2241.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140,

150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Joel's R&R were due on February 23, 2012.  The petitioner timely objected on February 13, 2012 [Doc. 11].  Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  The Court will review the remainder of the R&Rs for clear error.

II.     **Procedural History**

Pursuant to a guilty plea to bank robbery and aiding and abetting, 18 U.S.C. §§ 2, 2113(a), the petitioner was sentenced to 151 months imprisonment and five years of supervised release on October 31, 2001.  On May 31, 2002, the United States Court of Appeals for the Fourth Circuit affirmed the petitioner's conviction by unpublished opinion.  *See* **United States v. Bell**, 36 Fed.Appx. 71 (4th Cir. 2002).  Since then, the petitioner has filed various challenges to his conviction and sentence under 28 U.S.C. § 2255 and other provisions, without success.

On November 30, 2011, the petitioner filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1], which he then re-filed on the court-approved form on December 7, 2011 [Doc. 5].  The petitioner maintains that he was illegally imprisoned because he was "charged by an offense created by an unconstitutional law, such a law, is not merely erroneous, but is in fact illegal and void to me and cannot be legal cause of imprisonment at this day and time continuation to held me illegal." ([Doc. 5] at 7).  In

2

support of this claim, the petitioner states that Public Law 80-772 (the provision that enacted 18 U.S.C. § 3231 establishing jurisdiction of the federal courts) was never passed or signed in the presence of a quorum or majority of both houses of Congress as required by Article 1, Section 5, Clause 1 of the Constitution of the United States.  As relief, the plaintiff asks this Court to release him from prison and expunge his conviction and supervised release.  Upon the completion of his sentence, the petitioner was released on January 20, 2012.

Upon his initial review, Magistrate Judge Joel entered an R&R on January 25, 2012, recommending that this Court deny the petitioner's § 2241 petition as a § 2255 motion improperly filed pursuant to § 2241 [Doc. 9].  Specifically, the magistrate judge noted that the petitioner's claim challenges the legality of his conviction, an area reserved for a § 2255 motion. (Id. at 4).  In addition, the magistrate judge concluded that the petitioner had not met his burden of demonstrating that the § 2255 remedy is inadequate or ineffective, as required by the § 2255 savings clause to permit his use of a § 2241 petition.  (Id.).  The petitioner objected on February 13, 2012 [Doc. 11].

### III.  Discussion

Upon a *de novo* review of the petitioner's § 2241 petition, this Court agrees with the magistrate judge that the same is a § 2255 motion improperly filed pursuant to § 2241. First, this Court agrees that the claim contained in the § 2241 petition concerns the legality of the petitioner's conviction, an area reserved for a § 2255 motion. Consequently, the petitioner may only proceed pursuant to § 2241 if he can demonstrate that he is entitled to application of the savings clause in § 2255.  Second, this Court agrees that the petitioner

has failed to make the requisite showing, i.e., that § 2255 cannot provide an adequate and effective remedy.

The Fourth Circuit has explained that § 2255 is inadequate and ineffective to test the legality of a conviction only when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Even assuming satisfaction of the first and third elements of *Jones*, there can be no question that bank robbery and aiding and abetting remain criminal offenses. See 18 U.S.C. §§ 2, 2113(a) (2012). As such, the petitioner cannot satisfy the second element of *Jones* required to demonstrate that § 2255 is an inadequate and ineffective remedy. Thus, the petitioner's § 2241 petition is undoubtedly a § 2255 motion improperly filed pursuant to § 2241. Accordingly, the petitioner's objections are **OVERRULED**.[1]

---

[1] This Court also notes that every court to have addressed a claim that Public Law 80-772 is invalid has rejected the same for three reasons: (1) the 1948 amendment to 18 U.S.C. § 3231 was properly enacted; (2) even if not, the predecessor statute to § 3231 provides for jurisdiction; and (3) the "enrolled-bill rule" forbids challenge to the validity of § 3231. See *Turner v. United States*, 2011 WL 5595939 (S.D. Ala. Sept. 8, 2011) (compiling cases).

### IV.     Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 9]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  Further, the petitioner's Objections **[Doc. 11]** are **OVERRULED**.  Accordingly, the petitioner's § 2241 petition **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.  As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: April 2, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE